UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

June 19, 2019

LETTER TO COUNSEL:

RE: *Shantel K. v. Nancy A. Berryhill, Acting Commissioner of Social Security*
Civil No. TJS-18-1887

Dear Counsel:

On June 25, 2018, Plaintiff Shantel K.[1] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 13 & 14.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In her application for SSI, Shantel K. alleged a disability onset date of October 1, 2015. (Tr. 16.) Her application was denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on May 16, 2017, (Tr. 33-55), and the ALJ found that Shantel K. was not disabled under the Social Security Act (Tr. 16-28). The Appeals Council denied Shantel K.'s request for review (Tr. 1-4), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Shantel K.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Shantel K. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since December 30, 2015. (Tr. 19.) At step two, the ALJ found that Shantel K. suffered from the following severe impairments: Pica, personality disorder, and alcohol use disorder. (*Id.*) At step three, the ALJ found Shantel K.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P,

---

[1] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On April 30, 2019, the case was reassigned to me.

App. 1 ("Listings"). (*Id.*) Considering Shantel K.'s impairments, including her substance use disorder, the ALJ determined that she retained the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine, repetitive work in an environment with few, if any, workplace changes. The claimant can have occasional interaction with supervisors, can work in proximity to co-workers, but not with them, and could have no public interaction. The claimant would miss two days of work per month.

(Tr. 21.)

At step four, the ALJ determined that Shantel K. had no past relevant work. (Tr. 23.) At step five, the ALJ found that Shantel K.'s ability to perform work has been compromised by her substance use disorder and that if she did not stop her substance use, there were no jobs in the national economy that she could perform. (Tr. 23-24.)

The ALJ then considered whether Shantel K.'s disability would exist in the absence of the substance abuse. *See Delk v. Colvin*, 675 F. App'x 281, 283 (4th Cir. 2017) ("Therefore, when—as here—the ALJ finds both a disability and evidence of substance abuse after conducting the five-step analysis, he must then determine whether the disability would exist in the absence of the substance abuse."). The ALJ concluded that even if Shantel K. stopped the substance use, she would continue to have severe impairments, but none that met or equaled any of the Listings. (Tr. 24.) If Shantel K. stopped the substance use, the ALJ determined that she would have the RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine, repetitive work in an environment with few, if any, workplace changes. The claimant can have occasionally interaction with supervisors, can work in proximity to co-workers, but not with them, and could have no public interaction. The claimant would miss one day of work per month.

(Tr. 25.)

At step four, the ALJ again noted that Shantel K. had no past relevant work. (Tr. 26.) At step five, relying on the testimony of a vocational expert, the ALJ determined that, if Shantel K. stopped the substance use, there are jobs that exist in significant numbers in the national economy that she can perform, including night janitor, dishwasher, and cleaner. (Tr. 27.) Therefore, the ALJ found that Shantel K. was not disabled under the Social Security Act. (Tr. 27.)

Shantel K. presents two arguments in this appeal: (1) that the ALJ's RFC determination does not take into account her moderate difficulties in maintaining concentration, persistence, and pace, and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632; and (2) that the ALJ's RFC is not supported by substantial evidence. Because I find that the ALJ's RFC determination does not comply with *Mascio*, I decline to address Shantel K.'s second argument.[3]

---

[3] The Court makes one observation regarding the ALJ's step five findings. In the written decision, the ALJ recounted that Shantel K. "eats soap, which helps calm her down, but makes her

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In the decision, the ALJ discussed Shantel K.'s moderate limitations with regard to concentration, persistence, and pace as part of the step three analysis. The ALJ noted that Shantel K. has "moderate limitation" in the area of concentration, persistence, and pace. (Tr. 20, 24.) The ALJ specifically noted that Shantel K. would continue to have moderate limitation with regard to concentration, persistence, and pace, even if the substance use was stopped. (Tr. 24.)

However, the ALJ's RFC assessment does not account for Shantel K.'s moderate limitations in concentration, persistence, and pace. The RFC assessment limits Shantel K. to performing "simple, routine, repetitive work." (Tr. 17.) Limiting Shantel K. to work that involves only "simple, routine, repetitive" tasks does not account for her moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Shantel K. might be able to perform simple, routine, repetitive tasks for a short period of time but unable to sustain her performance for a full workday and workweek. *See McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's ability to sustain work throughout an eight-hour workday where the claimant had moderate difficulties in concentration, persistence, and pace).

The Acting Commissioner argues that this case is distinguishable from *Mascio* because the ALJ concluded that limiting Shantel K. to simple, routine, repetitive work, would accommodate her difficulties in maintaining concentration, persistence, and pace. (ECF No. 14-1 at 8.) In addition, the Acting Commissioner argues that any error under *Mascio* is harmless. (*Id.* at 11.) I reject the Acting Commissioner's arguments. The ALJ's decision plainly lacks the explanation required by *Mascio* and the Court is unable to conclude that the error is harmless. *See Talmo v. Comm'r, Social Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, *3 (D. Md. May 19, 2015) ("[T]he issue . . . is not whether the record contains evidence that might support the ALJ's conclusions; it is whether the ALJ explained the apparent discrepancy between her step three finding and her RFC assessment.").

Based on this record, the Court is unable to find that the RFC determination by the ALJ represents an accurate characterization of Shantel K.'s ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. *See Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). The ALJ's decision is insufficient to permit adequate review. Without additional explanation by the ALJ, the Court is unable to review the ALJ's findings to determine whether they are supported by substantial evidence and without legal error.

---

sick." (Tr. 26.) Given this evidence, it is perplexing that the ALJ accepted the VE's testimony to find that Shantel K. could perform the job of dishwasher.

Considering the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Shantel K.'s difficulties in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Shantel K's moderate difficulties in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate finding that Shantel K. is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 13 & 14) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge